**David L. SPENCER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–93–00040–CR.**

Court of Appeals of Texas, Texarkana.

Nov. 30, 1993.

---

3. Defined herein as a 5–4 majority.

Kelly B. Tidwell, Texarkana, for appellant.

Neal Birmingham, Dist. Atty., Linden, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

David L. Spencer appeals his conviction for unauthorized use of a motor vehicle. He contends that the evidence was insufficient to establish (1) that he operated the vehicle described in the indictment and the court's charge and (2) that the vehicle described in the indictment and the court's charge was owned by the alleged victim. Additionally, he contends that the trial court erred in allowing the testimony of the victim's stepson, Gary Boles, due to the defense having invoked the Rule, TEX.CODE CRIM.PROC.ANN. art. 36.05 (Vernon 1981), and Boles having been present in the courtroom during other witnesses' testimony.

On November 18, 1992, Spencer was employed as an all-purpose handyman and cleanup man for Glenn Vaughn. Vaughn operates a catfish restaurant and a farm in Cass County. Spencer had worked for Vaughn for between two and three years and did whatever odd jobs Vaughn or Vaughn's stepson, Gary Boles, assigned him to do around the farm, restaurant, or tomato relish factory.

On this particular day, Spencer admittedly took about $400 to $500 worth of frozen fish and meat from the restaurant's freezer and loaded it into a three-quarter ton Chevrolet truck used for work on Vaughn's property. According to Vaughn's testimony, this truck had no inspection sticker or current license plates, and Vaughn's employees, including Spencer, had been told not to take the truck onto the public roads. Vaughn and Boles testified that the truck had originally been Boles's truck and that Boles had traded it to Vaughn for another truck, but that title to the truck was still in Boles's name at the time of the incident in question. Spencer later stated that he had intended to trade the stolen fish and meat for parts for a vehicle. On the way to do so, however, and while on a public street, he lost control of the truck and hit a tree. Spencer then threw the stolen fish and meat into the nearby woods. The truck, which was totaled, sustained about $5,000 worth of damages.

Spencer was charged with unauthorized use of a motor vehicle. TEX.PENAL CODE ANN. § 31.07 (Vernon 1989). His sentence, enhanced by prior convictions, was assessed by the jury at twenty-five years in the penitentiary.

On appeal, Spencer contends first that the State failed to prove the offense of unauthorized use of a motor vehicle as set out in the indictment and the charge to the jury. The gist of Spencer's argument under this point is that the State failed to prove the description of the motor vehicle with the specificity of the language contained in the indictment and in the charge.

■ When a variance exists between the allegations and the proof, it may render the evidence insufficient to sustain the conviction.

*Wray v. State*, 711 S.W.2d 631, 633 (Tex. Crim.App.1986).

■ In a sufficiency examination, we must determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McGoldrick v. State*, 682 S.W.2d 573 (Tex.Crim.App.1985). This standard for review of evidentiary sufficiency assumes: (1) that the trier of fact has been properly instructed and (2) that the evidence within the record can reasonably support a finding of guilt beyond a reasonable doubt. *Arceneaux v. State*, 803 S.W.2d 267, 269 (Tex.Crim.App.1990).

■ Normally, allegations in the indictment that are not essential to constitute the offense and that could be omitted entirely without affecting the charge against the defendant or the integrity of the indictment are treated as surplusage and need not be proven at trial. *Whetstone v. State*, 786 S.W.2d 361, 364 (Tex.Crim.App.1990), *citing Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Crim.App. 1975). An exception to this rule exists, however, when the unnecessary words are descriptive of that which is legally essential to the crime charged. The State must then prove the pleading as alleged even though the words or descriptions are unnecessary. *Id.*

> [W]here a person, place or thing necessary to be mentioned in the indictment is described with unnecessary particularity, all circumstances of description must be proven ... and cannot be rejected as surplusage, for they are thus made essential to the identity.

*Burrell*, 526 S.W.2d at 802–03, *citing Smith v. State*, 107 Tex.Crim. 511, 298 S.W. 286 (1927), and *Maples v. State*, 124 Tex.Crim. 478, §3 S.W.2d 855 (1933). The *Burrell* court noted that the case law over the years had interpreted the word *descriptive* as used in the rule to mean not just modifying a noun adjectively, but to be synonymous with explanatory. *Id.* at 803.

This exception goes as far back as *Hill v. State*, 41 Tex. 253 (1874), a case in which the unnecessary description of stolen property,

"one red and white spotted hide, branded thus, H H on the side," was placed in the indictment and thus placed a burden upon the State to prove all of the alleged details. *See* Jessie M. Davis, Comment, *Indictments—Texas Rules of Surplusage*, 13 Tex. L.Rev. 489 (1935).

■ Section 31.07 of the Texas Penal Code sets out the elements of unauthorized use of a vehicle as follows: (1) A person commits an offense if he (2) intentionally or knowingly (3) operates another's boat, airplane, or motor-propelled vehicle (4) without the effective consent of the owner. *See McQueen v. State*, 781 S.W.2d 600, 602 (Tex.Crim.App.1989). The State was required to plead and prove all the elements of this offense. *See Wright v. State*, 603 S.W.2d 838, 840 (Tex.Crim.App. [Panel Op.] 1979) (opinion on motion for rehearing). Operation of a motor-propelled vehicle is an essential element of the crime charged. *Burrell*, 526 S.W.2d at 802–3.

The applicable portion of the indictment in the present case reads as follows:

DAVID L. SPENCER, did then and there, intentionally and knowingly operate, without the effective consent of the owner, Glen Vaughn, one motor propelled vehicle, to wit: One (1) 1984 3/4 ton Chevrolet Pickup truck, bearing Texas License plate number 325N7N.

The license plate number describes with unnecessary particularity a thing (motor-propelled vehicle) necessary to be mentioned in the indictment.

The State did not necessarily have to plead and prove the truck's license plate number. Indeed, had the indictment simply charged that Spencer had operated Vaughn's pickup truck without authorization, it would have been sufficient to allege the charged offense. *Daniels v. State*, 535 S.W.2d 876, 877 (Tex. Crim.App.1976); *see also Rincon v. State*, 615 S.W.2d 746, 747 (Tex.Crim.App. [Panel Op.] 1981) (sufficient to state "intentionally and knowingly operate a motor vehicle, namely: an automobile [or a truck]"). Having included such an identifying description in the indictment and in the charge, the State undertook the burden of proving these specific allegations.

The only attempts by the State to establish the license plate number were questions to Vaughn and Boles, neither of whom could remember the number. The State introduced no evidence such as registration records or a picture of the truck itself. As an intermediate court, we must follow the rule as laid down by the Court of Criminal Appeals until such time as it is changed by that Court or by the Legislature.

The basic purpose of the doctrine of variance is to prevent surprise—to insure that the accused is put on proper notice of the crime charged and to prevent later retrial for the same alleged act. Such purpose is not served here. The application of the doctrine in this case only serves to prevent reaching the merits of the case and addressing the issue in controversy.

At trial, Spencer did not contest the identity of the truck. The identity of the truck was established without the need of the numbers on the license plates. The case below centered on the issue of whether or not Spencer had permission to take the truck onto public streets. Nothing in the record indicates, and Spencer made no such claim at trial, that the truck he was accused of operating was not the truck described in the indictment. Strict application of the exception in a case such as this serves no legal or rational purpose. This is reminiscent of application of the old "forms of action" under which use of an inappropriate writ resulted in loss of one's case.[1]

Chief Justice Paul Nye of the Thirteenth Court of Appeals eloquently complained about the variance rule as applied in a case similar to the instant case. *Blevins v. State*, 672 S.W.2d 828, 832–39 (Tex.App—Corpus Christi 1984, no pet.) (Nye, C.J., concurring). In the *Blevins* case, the indictment had alleged that the defendant had intentionally and knowingly killed "a game animal, to-wit: a wild white-tailed deer, at a time of the year not during the open season provided by law

---

1. The English legal historian, Frederic W. Maitland said, "The forms of action we have buried, but they rule us from their graves." Edgar Bodenheimer, John Oakley, Jean C. Love, *An Introduction to the Anglo–American Legal System* 33 (2d ed. 1988).

for the killing of said game animal." *Id.* at 830. There was no evidence that the defendant had killed a wild *white-tailed* deer, although there was evidence that the defendant had killed a wild deer. Based upon the rule presently being applied, a fatal variance was found and the case was reversed and acquittal was ordered. Chief Justice Nye called for reform in the application of this law in that case and two other cases. *See Contreras v. State,* 838 S.W.2d 594, 607–08 (Tex.App.—Corpus Christi 1992, pet. ref'd) (Nye, C.J., concurring and dissenting); *Casares v. State,* 703 S.W.2d 246, 248–50 (Tex. App.–Corpus Christi 1985, pet. ref'd) (Nye, C.J., concurring).

The Court of Criminal Appeals has already seen fit to relax the variance rule and exception in the area of enhancement allegations and prior offenses. *See e.g., Human v. State,* 749 S.W.2d 832, 836–37 (Tex.Crim.App.1988); *Thompson v. State,* 563 S.W.2d 247 (Tex. Crim.App. [Panel Op.] 1978). We call on the Court of Criminal Appeals to overturn the outdated exception to the variance rule as it applies to indictments. Blind, unthinking adherence to an outdated vestige from the past, which has no redeeming qualities other than its pedigree, serves neither justice nor reason and renders the guilt or innocence of the criminal defendant essentially irrelevant.

 Even if the variance between the proof and the indictment had not been fatal, the variance between the proof and the jury charge was fatal. The charge to the jury instructed that the jury was not to convict unless it found beyond a reasonable doubt that Spencer operated "[o]ne motor propelled vehicle, to wit: One (1) 1984 3/4 ton Chevrolet Pickup truck, bearing Texas License plate number 325N7N." The rule that unnecessarily specific allegations must be proven to sustain convictions applies with even more force when the jury is instructed that it may not convict unless it finds such elements to be true beyond a reasonable doubt. *Chavez v. State,* 843 S.W.2d 586, 588 (Tex.Crim.App. 1992).

 As the Court of Criminal Appeals set forth in *Ortega v. State,* 668 S.W.2d 701, 704 (Tex.Crim.App.1983), there is no such thing as surplusage in the part of the court's instructions to the jury which authorizes a conviction. The Court in *Ortega* goes on to say:

> [O]nce the phrase is incorporated into the court's instructions to the jury in such a way that the jury *must* find it *before* a verdict of guilt is authorized, Article 36.13, V.A.C.C.P., it must be proved, or the verdict will be deemed "contrary to the law and evidence." *See* Article 40.03(9) V.A.C.C.P.

*Id.* at 705, n. 10. So long as the State does not object to the jury charge that enhances its burden of proof, the sufficiency of the evidence will be measured against that charge. *Fee v. State,* 841 S.W.2d 392 (Tex. Crim.App.1992); *see also Boozer v. State,* 717 S.W.2d 608 (Tex.Crim.App.1984). An appellate court must look to the charge to determine whether the part of the charge at issue is one that authorizes a conviction. If it does, then that portion is not considered surplusage, but becomes a substantive fact that must be proved before a conviction can be sustained. *Arceneaux,* 803 S.W.2d at 270–71; *Williams v. State,* 833 S.W.2d 701, 704 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

Based upon the present state of the law, we find that the evidence was not sufficient to support the description of the truck alleged in the indictment and in the court's charge to the jury and that a jury could not have found beyond a reasonable doubt that Spencer had operated "one motor propelled vehicle, to wit: One (1) 1984 3/4 ton Chevrolet Pickup truck, bearing Texas License plate number 325N7N." We sustain Spencer's first point of error. In view of our disposition of this point, it is not necessary that we address Spencer's other points.

We reverse the judgment of the trial court, and we render a judgment of acquittal.