**Douglas Charles GOLLIHAR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–98–00128–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Feb. 24, 1999.

Decided April 1, 1999.

---

Michael D. Deegan, Fort Worth, for appellant.

Richard Hattox, Dist. Atty., Granbury, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Douglas Gollihar appeals from his conviction for stealing a go-cart. A jury found Gollihar guilty as charged. The court assessed punishment at eighteen months in a state jail facility.

Gollihar contends in two points of error that the evidence is legally insufficient to support his conviction because of a failure to prove the description of the stolen property and that Lane Jones was the owner of the go-cart. These issues are premised upon a one-digit mismatch between the model number of the go-cart alleged in the indictment and in the jury charge, and the model number of the go-cart that the State proved was taken from Wal–Mart.

Gollihar also contends that the court failed to properly submit to the jury the question of his two prior theft convictions—and that such a submission was required because the prior conviction were necessary conditions precedent to make the present prosecution a felony and to provide the trial court with jurisdiction over his prosecution.

The evidence shows that an employee of Wal–Mart saw a woman get into a pickup truck carrying a go-cart of a type sold by Wal–Mart. When she entered on the passenger side of the truck, the truck left at a high rate of speed. The employee suspected that they might have stolen the go-cart, and he contacted a manager, who checked with the cashiers and determined that no go-cart had been recently purchased. They notified the police, who promptly located the truck and returned it and its contents to Wal–Mart.

Douglas Gollihar was charged and found guilty of stealing the go-cart, model 136202, valued at less than $1,500, on or about June 10, 1997. The only evidence that the go-cart recovered was a model 136203 was the following testimony by a Wal–Mart employee:

Q. And was the model number on that go-cart 136203?

A. Yes, sir, I believe so.

■ Gollihar first contends that the evidence is legally insufficient to support the verdict. His contention is based upon the fact that the evidence introduced at trial reflected that the go-cart recovered from his possession was a model 136203, but the State had alleged a different model number. The jury charge reflected the indictment, and it contained language asking the jury to find whether Gollihar had stolen a model 136202 go-cart.

Gollihar testified that the go-cart was purchased by a third party named Diane, who had been camping with his family, and that he took the unchained go-cart from Wal–Mart, put it in the back of his pickup, and left. Gollihar testified that he had taken the go-cart back to the campsite, which he described as being quite extensive, and that he would never have just

picked it up and driven away with it in plain view of a number of Wal–Mart security guards and employees had he known that Diane had not paid for it. There was testimony from several other individuals who shared the campsite that Diane reappeared after the police had arrested Gollihar and taken him and the go-cart away, that they confronted her about duping Gollihar, and that she quickly left the campsite. None of the people knew her last name, and she has not reappeared.

■ In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991), and look to see whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

In 1977, the Court of Criminal Appeals reversed the conviction when the indictment and charge asked the jury to determine whether a defendant had threatened a victim with a ".22 caliber *R*uger automatic pistol," serial number 60,657, but the proof was that the victim was threatened with a ".22 caliber *L*uger automatic pistol," serial number 60,657. The Court determined this was a fatal variance between the allegation and proof. *Weaver v. State,* 551 S.W.2d 419, 421 (Tex.Crim.App.1977). The Court recognized that the allegation of use of a deadly weapon was necessary to charge the offense and that the detailed description of the weapon allegedly used was not a necessary allegation. Nonetheless, because the State alleged it, the State was required to prove it to obtain a conviction.

■ Since *Weaver,* the courts have loosened the requirements to some degree and now hold that a variance between an indictment and evidence is often fatal. The object of the doctrine of variance is to avoid surprise, and to be material it must prejudice a defendant's rights. Only a material variance is fatal. *Stevens v. State,* 891 S.W.2d 649, 650 (Tex.Crim.App. 1995), *cited with approval in Grant v. State,* 970 S.W.2d 22, 23 (Tex.Crim.App. 1998).

This line of cases does not apply to the present case, however, because the complaint on appeal is the variance between the proof and the jury charge—not between the indictment and jury charge. The charge instructed the jury that it was not to convict unless it found beyond a reasonable doubt that the defendant took a go-cart, model number 136202. The evidence does not prove that a go-cart of this model number was stolen.

■ This Court has been confronted with this type of problem before in *Spencer v. State,* 867 S.W.2d 81, 85 (Tex.App.- Texarkana 1993, pet. ref'd). As we recognized in that case, the rule that unnecessarily specific allegations must be proven to sustain convictions applies with even more force when the jury is instructed that it may not convict unless it finds such elements to be true beyond a reasonable doubt. *Chavez v. State,* 843 S.W.2d 586, 588 (Tex.Crim.App.1992).[1] We recognized in *Spencer* that there is no such thing as surplusage in the part of the court's instructions to the jury which authorizes a conviction. As the Court of Criminal Appeals set forth in *Ortega v. State,* 668 S.W.2d 701 (Tex.Crim.App.1983):

> [O]nce the phrase is incorporated into the court's instructions to the jury in such a way that the jury must find it

1. In *Spencer,* this Court called upon the Court of Criminal Appeals to relax the variance rule as it applies to indictments. We stated that the Court's application of the rule was nothing more than a "Blind, unthinking adherence to an outdated vestige from the past,

which has no redeeming qualities other than its pedigree, serves neither justice nor reason and renders the guilt or innocence of the criminal defendant essentially irrelevant." The Court declined to review our opinion.

before a verdict of guilt is authorized, ... it must be proved, or the verdict will be deemed "contrary to the law and evidence."

*Id.* at 705 n. 10. So long as the State does not object to the jury charge that enhances its burden of proof, the sufficiency of the evidence will be measured against that charge. *Fee v. State,* 841 S.W.2d 392 (Tex. Crim.App.1992); *see also Boozer v. State,* 717 S.W.2d 608 (Tex.Crim.App.1984). An appellate court must look to the charge to determine whether the part of the charge at issue is one that authorizes a conviction. If it does, then that portion is not considered surplusage, but it is a substantive fact that must be proved before a conviction can be sustained.

The reason for the strictness of this analysis lies in the constitutional prohibitions against double jeopardy and due process of law. In *Boozer,* 717 S.W.2d at 611, the Court explained that the evidence must conform to the charge because failing to find the evidence insufficient in such a case would offend prohibitions against double jeopardy and due process of law.

■ The protection of the constitutional prohibition against a second prosecution, based upon claims of double jeopardy, former conviction or acquittal, applies only where the second prosecution is for the same offense as that for which the person has already been in legal jeopardy. The former trial must have been upon the same identical act for which the State is again seeking to prosecute the defendant. *Luna v. State,* 493 S.W.2d 854, 855 (Tex.Crim. App.1973); *Stevenson v. State,* 106 Tex. Crim. 111, 290 S.W. 536 (1926).

In a recent case, the Court of Criminal Appeals has altered the analysis to be applied in a review of an inaccurate jury charge where the sufficiency of the evidence was at issue. In *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App.1997), the

Court reviewed a factual situation where the State failed to object to an unnecessary instruction in the jury charge favorable to the defendant. In *Malik,* the charge was unlawfully carrying a weapon, and in the unnecessary instruction, the jury was asked to determine whether the evidence was sufficient to show reasonable suspicion to justify a traffic stop—which was not an element of the criminal offense.

The Court held that if the jury charge is incorrect and sufficiency of the evidence is at bar, then the appellate courts should no longer review the conviction under the charge that was actually given to the jury, but instead, under the notion "that we measure sufficiency by the elements of the offense as defined by the **hypothetically correct** jury charge for the case." *Id.* at 240 (Emphasis added.). Such a charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.; see Blanco v. State,* 962 S.W.2d 46 (Tex.Crim.App.1998).

The *Malik* opinion specifically overrules a number of cases including *Arceneaux v. State,* 803 S.W.2d 267 (Tex.Crim.App. 1990); *Boozer v. State,* 717 S.W.2d 608 (Tex.Crim.App.1984); and *Benson v. State,* 661 S.W.2d 708 (Tex.Crim.App.1982). The Court of Appeals, however, did not specifically overrule the landmark case of *Ortega v. State.*[2] The Court of Criminal Appeals in *Ortega* held the State was bound to prove any matter descriptive or explanatory of that which is legally essential to constitute the offense if it is included in the charge and not objected to by the State.

We recognize that the *Malik* case is a sweeping change in the law requiring the sufficiency of the evidence to be measured by the elements of the offense as defined

**2.** The dissenting opinion in *Malik* specifically points out that the majority opinion did not mention the *Ortega* case.

by a hypothetically correct jury charge; however, because the *Malik* case did not involve part of a legally essential element of the offense, it does not apply to the present case. The Court of Criminal Appeals expressly stated in *Malik* that, "the legality of appellant's detention is not an element of the offense charge...." *Malik,* 953 S.W.2d at 240.

Applying the law established by the holding in *Ortega,* the State was required to shoulder the burden of proof set out in the charge. The charge required the State to prove the model number specified in the description of the property stolen. This was not proved; therefore, we are mandated to find the evidence insufficient to support the jury's finding and sustain this point of error.

The concurring opinion in *Malik* mentions that the Court of Criminal Appeals should wait for the appropriate case to determine whether the *Malik* doctrine applies and overrules *Ortega.* The present case is directly in point and would be the appropriate case for the Court of Criminal Appeals to make a determination as to whether *Ortega* is overruled. Guidance is needed on this matter, and we hope that the Court of Criminal Appeals will review this case.

This cause is reversed and a judgment of acquittal is ordered.

CORNELIUS, Chief Justice, dissenting.

I respectfully dissent because I believe the State proved that Gollihar took the go-cart described in the indictment and in the jury charge.

That the item taken by the defendant is the same item described in the indictment and charge may be proved by circumstantial evidence, the same as any other fact may be proved by circumstantial evidence. *See Williams v. State,* 147 Tex.Crim. 178, 179 S.W.2d 297 (1944); *see also Anderson v. State,* 871 S.W.2d 900 (Tex.App.-Houston [1st Dist.] 1994, no pet.); *Alexander v. State,* 823 S.W.2d 754 (Tex.App.-Austin 1992, no pet.). There is ample evidence in the record here to allow the jury to find that Gollihar took the go-cart that he was charged with taking. Indeed, Gollihar testified, and he never denied taking the go-cart; rather, he said he took it for a friend whom he thought had purchased it. Although Gollihar did not explicitly say that the go-cart he took was the same as the one described in the indictment and the charge, it is clear from the context of his testimony that he was at all times speaking about the go-cart he was charged with having taken.

Gollihar testified several times that he took the go-cart. For example:

I didn't steal it, didn't steal it. I'm not going to say I stole it. *I put it in there.* ... Had I have stole (sic) it, these bolt cutters wouldn't [have] been in my truck, and neither would have been the go-cart.

. . . .

... Why wouldn't I put it in the garage over here ... if I was a thief? *Why would I take it to my campsite, and put it in bright, open daylight ...?*

Q. ... [D]id you think that Diane paid for *this go-cart* when you loaded it into your truck?

A. I felt positive that she had loaded (sic) it, because it was the only go-cart that was unlocked from the rest of the go-carts.

Q. *She in fact pointed that out to you?*

A. She pointed to the go-carts. *I mean, it was the one in front ....* I believed that she had purchased it with her father's credit card.....

(Emphasis added.)

Additionally, Gollihar's counsel, in his opening statement and in his final argument, told the jury that Gollihar took "that go-cart," but that he believed he had a right to take it because his friend who bought it asked him to load it for her. Counsel's statements, of course, are not evidence, but they do confirm that when

Gollihar and the other witnesses said Gollihar loaded "that go-cart" in his truck, they meant the same go-cart that was described in the indictment and in the jury charge. Because Gollihar and other witnesses testified, in effect, that he took the go-cart that he was charged by the indictment with taking, there is sufficient circumstantial evidence, at least, to prove that the go-cart he took was model number 136202, because that was the one described in the indictment and in the jury charge.

The only reference in the evidence to a model number is the following testimony by Mr. English, a Wal–Mart employee.

Q. I want to ask you about how many go-carts were out there that day?

A. I believe between five and six.

Q. And was there a go-cart in the back of that pickup?

A. Yes, sir.

Q. And was the model number on that go-cart 136203?

A. Yes, sir, I believe so.

The testimony by English that the model number of the go-cart taken was number 136203 was equivocal and was in response to a leading question by the prosecutor. In view of Gollihar's testimony, the other witnesses' testimony, and the fact that Gollihar's defense conceded that he took the go-cart as charged but that he was justified in doing so, the jury could reasonably believe that Mr. English simply made a mistake when he answered that he "believed" the model number was 136203.

The contention that an affirmance of this case would allow another prosecution of Gollihar for stealing go-cart number 136202 is a red herring. If this conviction is affirmed, Gollihar will stand convicted of theft of a go-cart, model 136202. The judgment of conviction so states, and it will forever bar another prosecution of him for taking the go-cart he was convicted of taking in this prosecution.

Because there is sufficient circumstantial evidence that Gollihar took the go-cart

he was charged with taking, i.e., model number 136202, I would affirm the conviction.