ACCEPTED

No. 07-17-00454-CR

COURT OF APPEALS

SEVENTH DISTRICT

FOR THE STATE OF TEXAS

AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/1/2018 9:08:38 PM
VIVIAN LONG
CLERK

-------------------------------------

DUSTIN DUMONT,

APPELLANT,

THE STATE OF TEXAS,

APPELLEE.

-----------------------------------

Appealed from the 47TH District Court of
Potter County, Texas
Cause No. 72,382 -A

------------------------------------------------------------

APPELLANT'S BRIEF

-----------------------------------------------------

Steven M. Denny
SBN: 24005798
2414 Line Ave.
Amarillo, Texas 79106
(806) 379-2010
Fax:(806)379-2012
steven@lawyerdenny.com

Attorney for Appellant,
DUSTIN DUMONT

**ORAL ARGUMENT REQUESTED**

1

**DUSTIN DUMONT,**
Appellant,
VS.
**THE STATE OF TEXAS,**
Appellee,

In order that the members of the Court may determine disqualification in or recusal pursuant to T.R.A.P. 74(c), Appellant certifies that the following is a complete list of parties:

| | |
|---|---|
| Judge Presiding: | Honorable Dan Schaap<br>47th District Court<br>501 S. Fillmore, Amarillo, TX 79101 |
| Appellant: | DUSTIN DUMONT # 02174780<br>Formby Unit<br>998 County Road AA;<br>Plainview, TX 79072-9641 |
| Attorney for Appellant<br>At Trial: | Van Williamson<br>2414 Line Ave.<br>Amarillo, TX 79106 |
| Attorney for Appellant<br>On Appeal: | Steven M. Denny<br>2414 Line Ave.<br>Amarillo, Texas 79106 |
| Attorney for State<br>At Trial: | Audrey Mink<br>Assistant District Attorney<br>47th District Attorney's Office<br>501 S.Fillmore Ste 5A<br>Amarillo, TX 79101 |
| Attorney for State<br>on Appeal: | 47th District Attorney's Office Jack Owen<br>501 S.Fillmore Ste 5A<br>Amarillo, TX 79101 |

# TABLE OF CONTENTS

**NAMES OF ALL PARTIES**.................................................................................2

**TABLE OF CONTENTS**....................................................................................3

**INDEX OF AUTHORITIES**..............................................................................4

**INTRODUCTION**..............................................................................................5

**STATEMENT OF THE CASE**..........................................................................6

**STATEMENT OF FACTS**.................................................................................7

**SUMMARY OF THE ARGUMENT.**...................................................................9

**ARGUMENT: POINT OF ERROR.**....................................................................11
      **THE EVIDENCE AT TRIAL IS LEGALLY INSUFFICIENT TO SUPPORTA CONVICTION FOR UNAUTHORIZED USE OF A MOTOR VEHICLE**

**PRAYER**.............................................................................................................17

**CERTIFICATE OF SERVICE**.........................................................................18

**CERTIFICATE OF COMPLIANCE.**.................................................................18

# INDEX OF AUTHORITIES

## Cases

Adelman v. State, 828 S.W.2d 418 (Tex. Crim. App. 1992)……………………14

Allen v. State, 651 S.W.2d 267 (Tex. Crim. App. 1983) ………..……………13

Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App. 2010)………………………11

Carter v. Estelle, 691 F.2d 777 (5th Cir. [Tex.] 1982)……………….……..…15

Cooks v. State, 169 S.W.3d 288 (Tex. App. Texarkana 2005 no pet.)…………..14

Curry v. State, 30 S.W.3d 394 (Tex.Crim.App. 2000) …………………………12

Dewberry v. State, 4 S.W.3d 735 (Tex.Crim.App. 1999) …………….…………12

Foster v. State, 635 S.W.2d 710 (Tex. Crim. App. 1982)…………………………13

Foster v. State, 779 S.W.2d 845 (Tex.Crim.App. 1989)……………….…..………9

Gardner v. State, 780 S.W.2d 259,(Tex. Crim. App. 1989)…………………….....16

Gold v. State, 736 S.W.2d 685 (Tex. Crim. App. 1987)……………………….…..14

Gollihar v. State, 991 S.W.2d 303 (Tex. App. Texarkana 1999)………….……..15

Gollihar v. State, 46 S.W.3d 243 (Tex. Crim. App. 2001)……………..……14, 15

Greenwood v. State, 823 S.W.2d 660 (Tex. Crim. App. 1992)…………………..16

Griego v. State, 345 SW 3d 742(Tex. App. Amarillo 2011, no pet.)……….……11

Houston v. State, 663 S.W.2d 455 (Tex. Crim. App. 1984)……………………..13

Jackson v. Virginia, 443 U.S. 307 (1979)……………….……….……11, 12, 14

Jones v. State, 680 S.W.2d 499 (Tex. App. Austin 1983, no pet.)……………11, 14

Laster v. State, 275 S.W.3d 512 (Tex. Crim. App. 2009)………………………12

McFarland v. State, 930 S.W.2d 99 (Tex. Crim. App. 1996)………………….....13

Narvaiz v. State, 840 S.W.2d 415 (Tex. Crim. App. 1992)………………….…..12

O'Neal v. State, 811 S.W.2d 219 (Tex. App. Dallas 1991pet. Granted affirmed).16

Ortiz v. State, 577 S.W.2d 246 (Tex. Crim. App. 1979)…………………….…..13

Porier v. State, 662 S.W.2d 602 (Tex. Crim. App. 1984) …………………….…14

Richardson v. State, 973 S.W.2d 384 (Tex. App. Dallas 1998, no pet.)………….16

Sanders v. State, 346 S.W.3d 26 (Tex.App.—Fort Worth 2011, pet. ref'd)…...…11

Schexnider v. State, 943 S.W.2d 194 (Tex. App. Beaumont 1997, no pet.)……15

Smith v. State, 961 S.W.2d 501 (Tex. App. San Antonio 1997,reh'g denied)…..16

Sterner v. Marathon Oil Co., 767 S.W.2d 686 (Tex. 1989)……………………14

Torres v. State, 785 S.W.2d 824 (Tex. Crim. App. 1989)………………………14

Wallace v. State, 955 S.W.2d 148 (Tex. App. Beaumont 1997, no pet.)………..16

## Statutes

Tex. Code Crim. Proc. Art. 38.04…………………………………..……….12

Tex. Code Crim. Proc. Art. 44.25……………………………………………..13

Texas Penal Code § 31.07…………………………………………...6, 10, 16

| | | |
|---|---|---|
| DUSTIN DUMONT | § | IN THE SEVENTH DISTRICT OF TEXAS |
| | § | |
| VS. | § | OF |
| | § | |
| THE STATE OF TEXAS | § | AMARILLO, TEXAS |

No. 07-17-00454-CR

**DUSTIN DUMONT,**

Appellant,

VS.

**THE STATE OF TEXAS,**

Appellee.

---

**APPELLANT'S BRIEF**

---

TO THE COURT OF APPEALS:

Appellant, DUSTIN DUMONT, respectfully submits this brief. Mr. Dumont will be referred to as Appellant and the State of Texas will be referred to as State.

5

## STATEMENT OF THE CASE

Appellant, DUSTIN DUMONT, was charged with the offense of Unauthorized Use of a Motor Vehicle (UUMV), alleged to have occurred on or about May 31st, 2016. (RR 2-85.7-8)[1] The indictment alleged that appellant: "did then and there intentionally or knowingly operate a motor propelled vehicle, namely a 1998 Triumph Tiger, without the effective consent of William Riley, the owner" (CR 1.24)[2] in violation of Texas Penal Code §31.07 which provides in part:

A person commits an unauthorized use of a vehicle if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

Appellant entered a plea of not guilty (RR 2-85.18) and a jury trial was held on December 11 and 12, 2017, after which the jury found appellant guilty (RR 3-37.7) and the same jury set punishment at five years confinement in the Texas Department of Criminal Justice, Institutional Division. (RR 3-58.24) Notice of Appeal was given. (CR 1.54)

---

1 The Reporter's record in this case consists of 4 volumes. Citation is in the form of "RR volume# -page# . line#
2 The Clerk's record in this case consists of 2 volumes. Citation is in the form of "CR volume#. page#"

## STATEMENT OF FACTS

William Riley, a firefighter for the city of Amarillo, (RR 2-92.2) testified that he had purchased a 1998 Triumph Tiger motorcycle around May 2, 2016 (RR 2-92.20) from someone in Lubbock. (RR 2-92.11) On May 31, 2016, at around 9:30 p.m., (RR 2-94.3) Mr. Riley saw the motorcycle pass by his fire station at 34th and Western Street in Amarillo. (RR 2-94.20) The motorcycle had gone missing between when he had parked it in his driveway the night before (May 30, 2016) and when he was to leave for work that morning. (RR 2-93.8-10) Riley noticed the motorcycle missing that morning but due to work duties, had waited to file the stolen vehicle report after he went to work. (RR 2-93.21)(RR 2-89.20) Riley and some other firefighters followed the motorcycle, (RR 2-95.2) its driver, and a female passenger (RR 2-138.1-2) to an address on Lawson Street in Potter County. (RR 2-95.25)

Appellant identified a person at the house as "Ambree" that was attempting to sell him the motorcycle. (RR 2-152.13) Appellant left a deposit of $300 before being allowed to go on a test ride. (RR 2-167.4) The motorcycle would be worth between "two to three thousand dollars" in the condition it was in prior to being stolen, (RR 2-109.15) but had significant issues that would affect its value upon recovery

7

including paint, (RR 2-99.20), ignition switch, (RR 2-166.22) a battery (RR 2-166.19) and a gas cap. (RR 2-96.19) Appellant was to pay an additional $300 to purchase the motorcycle for a total of $600. (RR 2-183.4)

Riley testified that appellant did not appear to know that the firetruck was following him. (RR2-112.7) Upon arrival at the house, Riley saw motorcycle parts and other stolen things in an open garage, (RR 2-127.15-17) which was promptly closed and all the lights in the house were off within a minute of appellant's arrival. (none of which was done by appellant) (RR 2-97.13) One resident confronted the firemen and fled on a motorcycle. (RR 2-170.17) Appellant testified that Ambree was the one who had left. (RR 2-170.12) Despite firefighters taking a picture of the license plate of the motorcycle that had left the scene, (RR 2-123.6) officers did not attempt to locate that suspect. (RR 2-156.23) A different license plate was attached to the motorcycle when it was recovered and there is no mention of running that plate to identify its owner. (RR 2-109.10) After a while, appellant became convinced that the motorcycle really did belong to Riley, and not Ambree, and offered it back to Riley. (RR 2-100.22) Appellant waited with the firefighters an hour (RR 2-111.8) for police to arrive without attempting to flee (RR 2-111.11) as all the other residents of the house did (RR 2-107.2-3) despite ample opportunity. (RR 2-138.19)

8

## SUMMARY OF THE ARGUMENT

This is a case of legally insufficient evidence. The burden was on the State to prove beyond a reasonable doubt that appellant intentionally or knowingly operated a motor vehicle without the owner's consent. From his point of view, Appellant was attempting to purchase a 20 year old motorcycle for $600 that if it were in "excellent" condition would be worth between "two to three thousand dollars." (RR 2-109.15) [3] This vehicle was not in "excellent" condition however. It had a rattle can paint job (RR 2-99.20) and serious mechanical defects. (RR 2-96.19-20) Appellant thought the motorcycle was being offered for what seemed to him to be a reasonable price for the condition of the vehicle because it "had problems."(RR 2-166.16). Appellant left a deposit of half the asking price before being allowed to go on a test ride. (RR 2-167.4)

Evidence of flight may be used against the accused to show guilt, but appellant did not attempt to flee or hide from his accusers. (RR 2-111.11) In fact, he waited as much as an hour for police to arrive (RR 2-111.8) and sort out the misunderstanding. The residents of the house, who appellant alleges were selling

---

[3] According to Kelley Blue Book, a common online vehicle value estimation tool, a 1998 Triumph Tiger in "excellent" condition is worth $2,510 as of the date of filing this brief. https://www.kbb.com/motorcycles/triumph/tiger/1998/?pricetype=retail

9

the stolen motorcycle, were not cooperative (RR 2-129.4) and at least one did indeed flee. (RR 2-170.17) In a prosecution under Texas Penal Code §31.07, one of the elements to be proven by the State is the knowledge of the defendant that he did not have the consent of the owner to operate the motor-propelled vehicle in question. Since there is no testimony that appellant knew that he did not have consent to operate the motor vehicle, the conviction must be reversed and rendered due to legally insufficient evidence.

## POINT OF ERROR

## THE EVIDENCE AT TRIAL IS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION FOR UNAUTHORIZED USE OF A MOTOR VEHICLE

## ARGUMENT POINT OF ERROR

### 1. Standard of Review for Claims of Legal Insufficiency

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). See Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010); Jones v. State, 343 S.W.3d 550, 552 (Tex.App.—Fort Worth 2011, no pet.). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, the Court should consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912; Sanders v. State, 346 S.W.3d 26, 31 (Tex.App.—Fort Worth 2011, pet. ref'd). Griego v. State, 345 SW 3d 742(Tex. App.- Amarillo 2011, no pet.)

11

The trier of fact is the sole judge of the weight of the evidence and credibility of the witnesses; Tex. Code Crim. Proc. Ann. art. 38.04, and a reviewing court may not re-evaluate the weight and credibility determinations made by the fact-finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). Thus, a reviewing court should resolve any inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000). Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. Id. at 404.

When reviewing the legal sufficiency of the evidence, an appellate court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," and not whether the appellate court "believes that the evidence at the trial established guilt beyond a reasonable doubt." Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009), [quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979)]. Further, after "giving proper deference" to the role of the trier of fact, an appellate court must "uphold the verdict unless a rational fact-finder must have had reasonable doubt as to any essential element." Laster, 275 S.W.3d at 518, citing Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992).

12

However, an appellate court is empowered to reverse a conviction because the verdict is contrary to the evidence presented at trial. Tex. Code Crim. Proc. Art. 44.25. A review of the sufficiency of evidence, although based upon a review of the facts, is a determination of law. Allen v. State, 651 S.W.2d 267, 269-270 (Tex. Crim. App. 1983). An appellate court must always address challenges to the sufficiency of the evidence. McFarland v. State, 930 S.W.2d 99, 100 (Tex. Crim. App. 1996). Such a review must be conducted when a legal sufficiency challenge is raised, even if the conviction must be reversed on other grounds, because a finding that the evidence is legally insufficient to support the conviction prevents a retrial under double jeopardy law. Ortiz v. State, 577 S.W.2d 246, 250 (Tex. Crim. App. 1979); Foster v. State, 635 S.W.2d 710, 717 (Tex. Crim. App. 1982); McFarland v. State, 930 S.W.2d 99, 100 (Tex. Crim. App. 1996).

In reviewing a legal sufficiency-of-evidence claim, the appellate court should review the evidence in the light most favorable to the verdict or judgment, and this standard is used whether the case was proven by direct evidence or circumstantial evidence. Houston v. State, 663 S.W.2d 455, 456 (Tex. Crim. App. 1984). The standard for judging the sufficiency of the evidence is whether, after viewing the

evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Jackson v. Virginia, 443 U.S. at 319 n.12. The reviewing court should do as follows: (1) examine the record for evidence that supports the finding, while ignoring all evidence to the contrary; and (2) if there is no evidence to support the finding, examine the entire record to see if the contrary proposition is established as a matter of law. Cooks v. State, 169 S.W.3d 288, 290 (Tex. App. Texarkana 2005, pet. denied), applying civil standard of Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).

Evidence is legally sufficient only if the state has affirmatively proven each of the essential elements of the offense. Gold v. State, 736 S.W.2d 685 (Tex. Crim. App. 1987), (overruled on other grounds), Torres v. State, 785 S.W.2d 824 (Tex. Crim. App. 1989). When considering a sufficiency point of issue, the appellate court should consider all of the evidence, both proper and improper, from both the guilt and punishment phases of the trial. Porier v. State, 662 S.W.2d 602, 606 (Tex. Crim. App. 1984); Jones v. State, 680 S.W.2d 499, 502 (Tex. App. Austin 1983, no pet.). The State's case falls short if there is a material variance between the indictment allegations and the proof at trial. Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim.

App. 2001) (Explanation of a material variance versus an immaterial variance). In Gollihar, the State presented a facially adequate indictment alleging the theft of a go-cart that was described in part by listing a product serial number. Id. at 246. The proof at trial conformed in all respects to the allegations in the indictment except for a one-digit discrepancy in the serial number. Id. at 246. Although the jury convicted the defendant, the defendant claimed insufficiency of the evidence because the State had failed to prove what it had alleged in the indictment. Id. at 246. The court of appeals reversed the defendant's conviction based upon this fact. Gollihar v. State, 991 S.W.2d 303 (Tex. App. Texarkana 1999), overruled in Gollihar v. State, 46 S.W.3d at 246; Carter v. Estelle, 691 F.2d 777, 781-782 (5th Cir. [Tex.] 1982) (Texas courts consistently held that variances between proof and indictment allegations require reversal with prejudice). The Court of Criminal Appeals thus held that only a "material" variance between the indictment and proof offered at trial will render the evidence insufficient. Gollihar v. State, 46 S.W.3d at 247.

The standard of proof used in circumstantial evidence cases is the same ultimate standard as used in direct evidence cases, and a reviewing court may consider the existence of all alternative reasonable hypotheses in conducting such a review. Schexnider v. State, 943 S.W.2d 194, 198 (Tex. App. Beaumont 1997, no

15

pet.); Wallace v. State, 955 S.W.2d 148, 151 (Tex. App. Beaumont 1997, no pet.);

Smith v. State, 961 S.W.2d 501, 504 (Tex. App. San Antonio 1997, reh'g denied);

Richardson v. State, 973 S.W.2d 384, 385 (Tex. App. Dallas 1998, no pet.).


## 2. Facts, Law, and argument for Legal Sufficiency

Because this issue pertains to the legal sufficiency of the evidence, Appellant refers this Court of Appeals to the Statement of Facts above and the record in their entirety, as issues regarding legal sufficiency require an analysis of the entire record. See Greenwood v. State, 823 S.W.2d 660, 661 (Tex. Crim. App. 1992) (entire record needed to resolve sufficiency point of errors); See also O'Neal v. State, 811 S.W.2d 219, 221 (Tex. App. Dallas 1991).

The State alleged that appellant "did then and there intentionally or knowingly operate a motor propelled vehicle, namely a 1998 Triumph Tiger, without the effective consent of William Riley, the owner" (CR 1.24). An essential element of UUMV that the State must prove under Texas Penal Code §31.07 is the knowledge of the defendant that he did not have the consent of the owner to operate the motor-propelled vehicle in question. Gardner v. State, 780 S.W.2d 259,(Tex. Crim. App. 1989)

A review of the facts in this case reveal that there was no testimony that

16

appellant knew that Ambree did not own the motorcycle. There was no testimony that the motorcycle was being offered for an exceptionally low price. Appellant did not attempt to flee. Foster v. State, 779 S.W.2d 845, 859 (Tex.Crim.App. 1989), cert. denied, 494 U.S. 1039, 110 S.Ct. 1505, 108 L.Ed.2d 639 (1990) (Evidence of flight is admissible as a circumstance from which an inference of guilt may be drawn.) The person Appellant identified as the person selling the motorcycle DID flee. The firefighters testified that it appeared that there were other motorcycle parts and stolen items in the house. There was no testimony that appellant had any link to the house. There was no testimony that appellant knew he was being followed and went to the house as a ruse. To the contrary, his return to the house and the subsequent reaction to his return with the fire department by the residents of the house supports appellant's assertion that he did not know Ambree was not the owner of the motorcycle.

**CONCLUSION AND PRAYER**

For the above and forgoing reasons, the evidence that appellant knew that he did not have consent to operate the 1998 Triumph Tiger motorcycle is legally insufficient. Appellant respectfully prays that upon appellate review, the Court of Appeals reverse the judgment of conviction and render a judgment of acquittal for Appellant.

17

Respectfully Submitted,

\_\_\_\_/s/steven denny_____
**STEVEN M. DENNY**
ATTORNEY AT LAW
2414 Line Ave.
AMARILLO, TEXAS 79106
(806) 379-2010
SBN: 24005798
lawyerdenny@aol.com

## CERTIFICATE OF SERVICE

I, Steven M. Denny, attorney for the Appellant, certify that a true and correct copy of the foregoing brief has been provided to the Randall County Criminal District Attorney on this the   1   day of    June 2018

\_\_\_\_/s/steven denny_____
STEVEN M. DENNY

## CERTIFICATE OF COMPLIANCE

I, Steven M. Denny, attorney for the Appellant, certify that this brief complies with T.R.A.P. 9.4 and contains 3,232 words as calculated by Microsoft Word in the included content as described in T.R.A.P 9.4(1)  on this the    1    day of    June , 20_18_.

\_\_\_\_/s/steven denny_____
STEVEN M. DENNY

18