Abe McFARLAND aka James "Jim" McFarland, Appellant,

v.

The STATE of Texas, Appellee.

No. 954–95.

Court of Criminal Appeals of Texas.

Sept. 25, 1996.

Pamela S. Berbyshire, Houston, for Appellant.

Lester Blizzard, Assist. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

A jury found appellant guilty of aggravated robbery and sentenced him to seventy-five years' imprisonment. The Court of Appeals reversed the judgment of the trial court and remanded the case after finding that the State's jury argument did not fall into one of the permissible categories of jury argument and that it denied the appellant the right to a fair and impartial trial. *McFarland v. State,* 902 S.W.2d 540 (Tex.App.—Houston [1st Dist.] 1995). We granted the State's petition for discretionary review.

 Upon further review of the Court of Appeals' decision, we determined that the court failed to address the appellant's challenge to the sufficiency of the evidence and instead sustained the first point of error complaining of comments made by the prosecutor in the presence of the jury. An appellate court must always address challenges to the sufficiency of the evidence. *See* Tex. R.App.Pro. Rule 90(a); *Garza v. State,* 715 S.W.2d 642 (Tex.Cr.App.1986). This Court has held that an appellate court must examine and decide a sufficiency challenge even if the conviction must be reversed on other grounds. *Foster v. State,* 635 S.W.2d 710, 717 (Tex.Cr.App.1982).

For the reasons stated above, the judgment of the Court of Appeals is vacated and the case is remanded to that court for a determination of the sufficiency of the evidence. The State's petition for discretionary review is dismissed without prejudice.

OVERSTREET, J., dissents.

WHITE, J., not participating.