**Andrew J. ESCOVEDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 709–95.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 20, 1996.

---

Tony Aninao, Houston, for appellant.

Julie Klibert, Assistant District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for State.

BAIRD, Judge, dissenting to refusal of appellant's petition for discretionary review.

A jury convicted appellant of aggravated robbery and assessed punishment at twenty years confinement. The Court of Appeals affirmed. *Escovedo v. State*, 902 S.W.2d 109 (Tex.App.—Houston [1st Dist.] 1995).

In his second point of error, appellant contended the evidence was factually insufficient to support the conviction. *Id.*, 902 S.W.2d at 115–116. The Court of Appeals held one may not challenge the factual sufficiency of the evidence to support the proof of the elements of an offense. *Id.*, 902 S.W.2d at 116. Rather, the Court held factual sufficiency challenges were limited to issues where the defendant had the burden of proof to establish an affirmative defense. *Ibid.* For these reasons, the Court of Appeals did not reach the merits of appellant's argument and overruled the second point of error. *Ibid.*

In *Clewis v. State*, 922 S.W.2d 126 (Tex.Cr. App.1996), we held the Texas Constitution permits factual sufficiency challenges and we adopted the standard of review announced in *Stone v. State*, 823 S.W.2d 375 (Tex.App.— Austin 1992, pet. ref'd as untimely filed). Therefore, the Court of Appeals erred in not reaching the merits of appellant's second point of error.

Accordingly, I would summarily grant review, vacate the judgment of the Court of Appeals and remand this case to that Court for further proceedings in light of *Clewis*,

1. We should remand this case to the Court of Appeals even though appellant did not raise this issue in his petition for discretionary review. *See,*

*supra.*[1] Because the majority fails to do so, I respectfully dissent.

MALONEY, J., joins this opinion.

*McFarland v. State*, 930 S.W.2d 99 (Tex.Cr.App. 1996).