IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0069-09





KENNETH LEE MAYER, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


SWISHER COUNTY





 Johnson, J., delivered the opinion of the Court in which Price, Hervey,
Holcomb, and Cochran, JJ., joined. Keasler, J., filed a dissenting opinion in which
Keller, P.J., Meyers, and Womack, JJ., joined.


O P I N I O N



 A jury found appellant guilty of aggravated kidnapping and assessed punishment at thirty-
years' incarceration. Appellant appealed. The court of appeals overruled his first issue on appeal,
sustained his second issue-repayment of appointed attorney fees, modified the trial court's judgment,
and affirmed it as modified. Mayer v. State, 274 S.W.3d 898, 902 (Tex. App.-Amarillo 2008). We
refused appellant's petition for discretionary review, but granted review of the two grounds raised
by the state prosecuting attorney's petition. (1) 

 After discharging the jury, the trial court announced the jury's verdict of guilt and assessment
of punishment and informed appellant that he "shall pay the Court costs in this case and the Court-appointed attorney's fees that are incurred by Swisher County, Texas in [his] defense." In the written
judgment, the trial court ordered appellant to reimburse the county for court-appointed-attorney fees
in the amount of $2,850.

 On appeal, appellant included claims complaining about the trial court ordering him to
reimburse the county for court-appointed-attorney fees. The court of appeals noted that, under article
26.05(g), (2) "the trial court has authority to order reimbursement of appointed attorney fees if the court
determines that a defendant has financial resources that enable him to offset, in part or in whole, the
costs of the legal services provided." Mayer v. State, 274 S.W.3d at 901. It also noted that the record
"does not contain any such determination or finding by the trial court that appellant had any financial
resources or was 'able to pay' the appointed attorney fees." Id. It also pointed to evidence in the
record that "demonstrate[d] that, before trial and within two months of the conclusion of the trial,
appellant was indigent and qualified for court appointed counsel." Id. It concluded that, in the
absence of "evidence to demonstrate appellant's financial resources to offset the costs of the legal
services, the trial court erred in ordering reimbursement of appointed attorney fees." Id. We affirm
the judgment of the court of appeals.

 The state's first ground for review asserts that appellant procedurally defaulted the issue of
attorney-fee reimbursement because he did not object in the trial court and that the court of appeals
erred in reaching that issue for the first time on appeal. It argues that appellant had an obligation to
"either make a trial objection on the record or complain in a motion for new trial concerning court-ordered reimbursement of attorney's fees[,]" and that by failing to do so, he may not complain on
appeal. (State's Brief, p. 3.)

 We observe that appellant filed a pre-indictment "Affidavit of Financial Status," which
included a request for the court to appoint an attorney to represent him in this case because he did
not have the financial ability to hire his own attorney. After review of the affidavit, the trial court
found that appellant was indigent and appointed an attorney to represent him at trial.

 The state acknowledges that this affidavit reflects that appellant was unemployed and
supporting himself on government-sponsored benefits and that he was given a court-appointed trial
counsel. The state also acknowledges that appellant "filed a pro se notice of appeal and an affidavit
of financial status in support of a request for appellate counsel, and that he was indeed given the
assistance of appellate counsel." (State's Brief, p. 4.) Nevertheless, the state notes that neither
appellant nor his attorneys lodged any objection or complaint in the trial court to either the fact or
the amount of restitution for attorney's fees ordered reimbursed to the county nor made any such
objection in a motion for new trial.

 The state argues that appellant's failure to object to the trial court's order to repay attorney
fees is governed by our holding in Idowu v. State, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002), that
if a defendant wishes to complain about the propriety of, as opposed to the factual basis for, a trial
court's restitution order, he must explicitly do so in the trial court. The state also compares
appellant's failure to object to a situation in which an appellant first challenges on appeal probation
conditions that may be unreasonable, unconstitutional, or violative of statutory provisions. It points
to Speth v. State, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999), in which we held that "[a] defendant
who benefits from the contractual privilege of probation . . . must complain at trial to conditions he
finds objectionable."

 In his response to the state's petition, appellant does not challenge the propriety of assessing
attorney's fees, but argues here, as he did in the court of appeals, (3) that a challenge to the factual basis
of a restitution order or an order to pay court-appointed-attorney fees is a challenge to the sufficiency
of the evidence regarding that order, that before the court of appeals he claimed that the evidence to
support the attorney-fee order was insufficient, and that the court of appeals correctly recognized it
as insufficient (4). He notes the well-settled principle "that evidentiary sufficiency challenges do not
require objection to be considered on appeal." (Appellant's Brief, p. 2.)

This Court has stated in the past that "[a]n appellate court must always address
challenges to the [legal] sufficiency of the evidence." McFarland v. State, 930
S.W.2d 99 at 100 (Tex. Crim. App. 1996) (citing Texas Rule of Appellate
Procedure 90(a), now Rule 47.1, and Garza v. State, 715 S.W.2d 642 (Tex. Crim.
App. 1986)). A claim regarding sufficiency of the evidence need not be preserved
for review at the trial level and is not waived by the failure to do so. See Proctor
v. State, 967 S.W.2d 840, 842 (Tex. Crim. App. 1998); Lemell v. State, 915
S.W.2d 486, 490 (Tex. Crim. App. 1995) (citing McGlothlin v. State, 896 S.W.2d
183, 190-91 (Tex. Crim. App. 1995) (Meyers, J., dissenting)); GEORGE E. DIX
AND ROBERT O. DAWSON, 40 TEXAS PRACTICE, CRIMINAL PRACTICE
AND PROCEDURE § 3.65 (2000 Supplement).


Rankin v. State, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). (5)

 Appellant "concedes that no objection was made to the requirement that he pay court-appointed attorney fees." Appellant points to our language in Idowu, supra, "We ordinarily allow
defendants to raise sufficiency of the evidence questions for the first time on appeal. Whether the
record provides a sufficient factual basis for a particular restitution order could be considered an
evidentiary sufficiency question that need not be preserved by objection at the trial level." Idowu v.
State, 73 S.W.3d at 922. We also said that whether a party must object to preserve an evidentiary-
sufficiency claim concerning a restitution order, or the amount of restitution, need not be resolved
in Idowu. Id. Two years later, we addressed that point, saying that "a claim regarding sufficiency
of the evidence need not be preserved for appellate review at the trial level, and it is not forfeited by
the failure to do so." Moff v. State, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004). Appellant also
cites opinions from courts of appeals for the proposition that no trial-court objection is required to
raise an appellate complaint about court-appointed-attorney fees.

 Appellant also suggests that the Amarillo Court of Appeals properly understood his direct-appeal point of error to be one of insufficient evidence and deleted the attorney fees on that basis. 
He points to the language in the court of appeals's opinion.

 [T]here is an absence of evidence to demonstrate that, at the conclusion of the trial,
appellant was "able to pay" or had financial resources that would enable appellant to
offset, in part or in whole, the costs of the legal services provided to him. . . . 
Without evidence to demonstrate appellant's financial resources to offset the costs
of the legal services, the trial court erred in ordering reimbursement of appointed
attorney fees. [citations omitted.] Accordingly, we modify the judgment to delete the
[attorney fees].


Mayer v. State, 274 S.W.3d at 901.

 The court of appeals properly analyzed appellant's point of error that complained about the
lack of record evidence of "sufficient inquiry" into appellant's finances that would justify the trial
court's determination that appellant should be ordered to pay court-appointed-attorney fees. The
court of appeals pointed out that appellant's reply brief, which was filed after the state had filed its
response brief on direct appeal, conceded "the sufficiency of the evidence" of the amount of the
court-ordered reimbursement of attorney fees after becoming aware of the itemized expense form
that had been submitted to the trial court after the conclusion of the trial and filed as a supplemental
clerk's record after the filing of appellant's original brief. Mayer, supra, at 900, n.1. However,
appellant also argued that the record was "devoid of any evidence of how the fee was calculated and
whether his indigence prevented such a finding," thus including an assertion of evidentiary
insufficiency regarding the factual basis for finding that he had financial resources that would enable
him to reimburse the costs of the legal services provided. (Appellant's brief before the court of
appeals, p. 8.) 

 Appellant also raised a point of error specifically questioning whether the record contained
"sufficient inquiry" into his finances to allow him to be ordered to pay court-appointed-attorney fees. 
Appellant's reply brief to the state's response brief notes that, after reviewing his financial affidavit,
the trial court had initially found him to be indigent and qualified for appointed counsel, and
appellant asserts that "no evidence" of a change of financial ability existed. (Appellant's reply brief
before the court of appeals, p. 5.) That reply also specifically argued that since "no evidence"
showed that appellant was able to pay appointed-attorney fees, the order requiring him to do so could
not stand. Id. at 6.

 The court of appeals referred to the provisions of article 26.05(g) (6) as authorization for the
trial court to order the defendant to repay the costs of court-appointed legal counsel. Specifically,
article 26.05(g) provides that, if the trial court determines that a defendant has the financial resources
that enable him to offset in whole or in part the costs of the legal services provided, the court shall
order him to pay, as court costs, the amount that it finds the defendant is able to pay. Thus the
defendant's financial resources and ability to pay are explicit critical elements in the trial court's
determination of the propriety of ordering reimbursement of costs and fees. 

 Appellant's claims before the court of appeals included assertions of insufficient evidence
of his financial resources and ability to pay. While this claim of evidentiary insufficiency differs
somewhat from a claim of insufficient evidence of guilt, we note that an objection at trial is not
necessary before making an appellate challenge to the sufficiency of the evidence concerning a
deadly weapon finding because "[a] claim regarding sufficiency of the evidence need not be
preserved for review at the trial level and is not waived by the failure to do so." Rankin v. State, 46
S.W.3d 899, 901 (Tex. Crim. App. 2001). We conclude that appellant's complaint about the
sufficiency of evidence of his financial resources and ability to pay were likewise not waived by his
failure to raise such a complaint at trial. We reiterate that no trial objection is required to preserve
an appellate claim of insufficient evidence, thus the court of appeals did not err in addressing
appellant's complaint about the order to reimburse court-appointed attorney fees. Accordingly, we
overrule ground one.

 The state's second ground complains about the court of appeals deciding the indigent status
of appellant as it existed at the time of trial without remanding the case to the trial court to give the
state an opportunity to be heard on the issue in the trial court and to give the trial court an
opportunity to decide the issue. It insists that neither it nor the trial court should be excluded from
the decision-making process of whether a defendant has the financial means to reimburse a county
for attorney's fees expended on the defendant's behalf. It further complains that the court of
appeals's decision was made before the state had an opportunity to test appellant's financial status
"in the crucible of the adversarial process." (State's Brief, p. 3.)

 The state acknowledges that this case "is not about whether Appellant is indigent and
therefore too poor to hire a lawyer or too poor to reimburse Swisher County for attorney's fees
already expended by the County." (State's Brief, p. 3.) The state is not contending that appellant
was not indigent, but takes issue with the court of appeals making a presumption of indigence when
the trial court is the proper forum for such a finding. (State's Brief, p. 6.) 

 The state contends that a remand order to the trial court would be appropriate so that the trial
court could hear evidence and make the decision whether, and what amount of money, appellant
should reimburse the county for attorney fees, and so the state has an opportunity, if it so desires, to
contest whatever evidence or arguments appellant employs against the trial court's order, and to
present evidence and arguments in support of its own position. It analogizes such a remand to cases
in which the amount of restitution ordered as a lawful condition of community supervision is not
supported by the record and remanding for the purposes of a restitution hearing is appropriate.

 Appellant argues that the court of appeals, in finding that the evidence to support the order
to repay attorney fees was absent, ruled that the evidence was legally insufficient to justify the order. 
He also asserts that the state's brief points to no facts in the record indicating that he could pay those
fees and was not necessarily contending that he was not indigent. Appellant also suggests that a
remand would be pointless because the trial court appointed counsel at trial and, after appellant's
conviction, appointed another attorney to represent him on appeal. He asserts that the trial court has
thus already twice decided that appellant is indigent and without the financial ability to pay and,
since he was sentenced to thirty-years' incarceration-a term that bars release on bail-the trial court
has already "judged that [he] could not have had measurably more financial ability to pay at the time
of trial than immediately after indictment." (Appellant's Brief, p. 9.) We also observe that article
26.04(p), provides that "[a] defendant who is determined by the court to be indigent is presumed to
remain indigent for the remainder of the proceedings in the case unless a material change in the
defendant's financial circumstances occurs."

 When claims of insufficient evidence are made, the cases are not usually remanded to permit
supplementation of the record to make up for alleged deficiencies in the record evidence. 
Sufficiency of the evidence is measured by viewing all of the record evidence in the light most
favorable to the verdict. In this case, there is no indication that the state was precluded from
presenting evidence and being heard on the issue of appellant's financial resources and ability to pay
for reimbursement of the court-appointed-attorney fees. We are unconvinced that the court of
appeals committed any error in determining that the trial court erred in ordering reimbursement of
attorney fees without remanding the case to the trial court. We therefore overrule ground two.

 The judgment of the court of appeals is affirmed.


Delivered: March 24, 2010

Publish
1. 1. "The Court of Appeals erred in reaching the attorney fee reimbursement issue for the first time on
appeal, when no objection whatsoever was made by appellant at the trial court level, resulting in a procedural
default.

 " 2. The Court of Appeals erred in deciding the indigent status of appellant as it existed at the time of trial
without remanding the case to the trial court to give the State an opportunity to be heard on this issue in the trial
court, and to give the trial court an opportunity to decide the issue. The Court below has decided an important
question of law that has not been, but should be settled by this Court."
2. Tex. Code Crim. Proc., art. 26.05(g)
3. "Appellant now appeals . . . the sufficiency of the court order for the reimbursement of the court
appointed attorney fees." Mayer v. State, 274 S.W.3d at 899-900. 
4. "Under article 26.05(g) of the Texas Code of Criminal Procedure, the trial court has authority to order
reimbursement of appointed attorney fees if the court determines that a defendant has financial resources that enable
him to offset, in part or in whole, the costs of the legal services provided. . . . Without evidence to demonstrate
appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement
of appointed attorney fees." Id. at 901. 
5. We presume that the court of appeals knows that preservation is a systemic requirement and that it is
obligated to consider whether the errors complained of were forfeited because of failure to preserve the error. The
court of appeals decided this case on the merits of the insufficiency claim, and so we presume that it impliedly found
that appellant's ground raised legal insufficiency and such a claim may be raised for the first time on appeal.
6. Tex. Code Crim. Proc. art. 26.05(g)