PD-0210-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/20/2015 3:11:00 PM
Accepted 2/26/2015 10:49:32 AM
ABEL ACOSTA
CLERK

NO. _____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

ARTURO NORIEGA     APPELLANT

V.

THE STATE OF TEXAS     APPELLEE

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

NO. 04-13-00744-CR
COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

On appeal from Cause No. 2013CR4087
In the 175th District Court of Bexar County, Texas
Honorable Dick Alcala, Judge Presiding

RICHARD B. DULANY, JR.
Texas Bar No. 06196400

Bexar County Public Defender's Office
101 W. Nueva St., Suite 310
ORAL ARGUMENT     San Antonio, TX 78205
IS NOT REQUESTED     (210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org

FILED IN
COURT OF CRIMINAL APPEALS

ATTORNEY FOR THE APPELLANT

February 26, 2015

ABEL ACOSTA, CLERK

# NAMES OF PARTIES AND COUNSEL

The parties are the Appellant, **Arturo Noriega**, and the **State of Texas** (Bexar County District Attorney's Office, at San Antonio, Texas).

Appellant was represented at trial by:

> **Mr. Mark Haby**
> 101 Stumberg
> San Antonio, TX 78204
>
> **Mr. Oscar Hernandez**
> 6243 W. Interstate 10, Suite 850
> San Antonio, TX 78201
>
> **Mr. Joseph P. Appelt, Jr.**
> 5825 Callaghan Road, Suite 104
> San Antonio, TX 78228

The State was represented at trial by:

> **Mr. Eric Fuchs** & **Ms. Emily McCready Angulo**
> Assistant Criminal District Attorneys
> Bexar County District Attorney's Office
> 101 W. Nueva, 4th Floor
> San Antonio, TX 78205

On appeal in the Court of Appeals, the Appellant was represented by:

> **Mr. Richard B. Dulany, Jr.**
> Bexar County Appellate Public Defender's Office
> 101 W. Nueva St., Suite 310
> San Antonio, TX 78205

On appeal in the Court of Appeals, the State was represented by:

> **Mr. Nathan E. Morey**

Assistant Criminal District Attorney
Bexar County District Attorney's Office
101 W. Nueva, Suite 710
San Antonio, TX 78205

On PDR, the Appellant is represented by:

**Mr. Richard B. Dulany, Jr.**
Bexar County Public Defender's Office
101 W. Nueva St., Suite 310
San Antonio, TX 78205

The trial court was County Court at Law No. 2, Bexar County:

**Hon. Dick Alcala**
Sitting by assignment
175th District Court
Cadena-Reeves Justice Center
300 Dolorosa, 4th Floor
San Antonio, TX 78205

A three-justice panel of the Fourth Court of Appeals decided this case. The unpublished memorandum opinion was written by **Hon. Sandee Bryan Marion**, Chief Justice. The **Hon. Karen Angelini**, Justice, and **Hon. Marialyn Barnard**, Justice, were the other justices on the panel.

# TABLE OF CONTENTS

Identities of Parties and Counsel ........................... ii-iii

Table of Contents ........................... iv

Index of Authorities ........................... v

Statement Regarding Oral Argument ........................... vi

Statement of the Case ........................... 1

Statement of Procedural History ........................... 1-2

Ground for Review ........................... 3

**Did the Court of Appeals err in holding that a challenge to the legal sufficiency of the evidence must be preserved for appellate review by an objection in the trial court?**

Arguments and Authorities ........................... 3-6

Prayer for Relief ........................... 7

Certificate of Service ........................... 8

Certificate of Compliance ........................... 8

Appendix (the opinion and judgment)

# INDEX OF AUTHORITIES

**Cases**

*Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979)

......................................................................................................................5

*McFarland v. State*, 930 S.W.2d 99, 100 (Tex. Crim. App. 1996) ..........................5

*Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004)...................................5

*Noriega v. State*, No. 04-13-00774-CR, 2014 WL 7339735, (Tex. App.—San

Antonio December 23, 2014, pet. filed)(mem. op., not designated for publication)

......................................................................................................................2

*Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001) .................................5

*Rodriguez v. State*, No. PD-1189-13, 2014 WL 2808269 (Tex. Crim. App. June 18,

2014)(designated for publication) ...................................................................3, 4

*United States v. Briggs*, 939 F.2d 222, 228 (5th Cir.1991) ......................................3

**Rules**

TEX.R.APP.P. 66.3(c) (West 2015) ...........................................................................6

## STATEMENT REGARDING ORAL ARGUMENT

The issue raised in this petition may be determined from the record and authority alone. For that reason, undersigned counsel does not request oral argument, but will present oral argument if it is requested by the State and granted by the Court.

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

COMES NOW, Arturo Noriega, Appellant in this cause, by and through his counsel of record, Richard B. Dulany, Jr., and, pursuant to the provisions of TEX.R.APP.P. 66, *et seq.*, moves this Court to grant discretionary review, and in support will show the following:

## STATEMENT OF THE CASE

The Appellant, Noriega, was charged by indictment with felony murder, based upon the allegation that he caused the victim's death while committing the felony offense of DWI third or more. Appellant pleaded guilty to the charged offense before a jury. That jury found him guilty of the charged offense and returned a punishment verdict of imprisonment for life. The trial court sentenced Appellant in accordance with the jury's verdict. The Fourth Court of Appeals affirmed the judgment and sentence, on December 23, 2014, in an unpublished memorandum opinion. A motion for rehearing was filed that same day, and denied on January 23, 2015.

## STATEMENT OF PROCEDURAL HISTORY

A three-justice panel of the Court of Appeals rendered its opinion on December 23, 2014. *Noriega v. State*, No. 04-13-00774-CR, 2014 WL 7339735, (Tex. App.—San Antonio December 23, 2014, pet. filed)(mem. op., not designated

1

for publication). A motion for rehearing was filed on December 23, 2014 and denied on January 23, 2015. Pursuant to Rules 68.2(a) and 68.3(a) of the Texas Rules of Appellate Procedure, this petition is filed with the clerk of the Court of Criminal Appeals within thirty (30) days after the day the motion for rehearing was overruled by the Fourth Court of Appeals, on January 23, 2015.

## GROUND FOR REVIEW

**Did the Court of Appeals err in holding that a challenge to the legal sufficiency of the evidence must be preserved for appellate review by an objection in the trial court?**

## ARGUMENT

**The argument on appeal:**

Appellant pleaded guilty to the indictment before the jury. (4 RR at 13). The indictment alleged that Appellant "…committed an act clearly dangerous to human life, to-wit: driving through and disregarding a red light/traffic signal, failing to brake, failing to keep a proper lookout, and failing to take adequate evasive action prior to striking a motor vehicle occupied by Richard Casas, thereby causing the death of Richard Casas…." (CR at 6)(4 RR at 13). In his second issue for review, Appellant argued that he pleaded guilty only to a series of omissions, and not affirmative acts, so his guilty plea did not provide sufficient evidence to establish his guilt and support his conviction for felony murder. (Appellant's Brief at 34-36). *See Rodriguez v. State*, No. PD-1189-13, 2014 WL 2808269, *4 (Tex. Crim. App. June 18, 2014)(designated for publication). He further argued that his conviction presented a due process violation because it was based on conduct that did not constitute a crime. *See United States v. Briggs*, 939 F.2d 222, 228 (5th Cir.1991) ("To convict someone of a crime on the basis of conduct that does not constitute the

3

crime offends the basic notion of justice and fair play embodied in the United States Constitution"). Appellant asked the Court of Appeals to reverse his conviction for acquittal because his guilty plea "cannot have provided sufficient evidence to support [his] conviction for felony murder," in violation of his right to due process and due course of law. (Appellant's Brief at 36).

**The opinion:**

In its memorandum opinion, the three-judge panel of the Court of Appeals characterized Appellant's second issue simply as a complaint that he was deprived of due process of law. Because even due process complaints may not generally be raised for the first time on appeal, the Court of Appeals held that Appellant's second issue was not preserved for appellate review by an objection or complaint at the trial-court level. (Memorandum Opinion at p. 7).

**Sufficiency of the evidence claims must be addressed on appeal:**

Appellant concedes that he did not present his complaint that his guilty plea did not provide sufficient evidence to support his conviction *at the trial-court level*. But Appellant's second issue for review was essentially a claim that the evidence is insufficient to support his conviction. He argued that he did not plead guilty to committing an affirmative act, as is required to sustain a felony murder conviction, but pleaded guilty only to a series of omissions. *See Rodriguez*, at *3. Because the

4

basis for Appellant's second issue is an insufficient-evidence claim, appellate review was not waived by the lack of an objection at the trial court level. *See Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001) ("[a] claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so"); *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004).

It is true that Appellant characterized his claim as a denial of his right to due process and due course of law. But a legal insufficiency claim is a type of claim that due process rights were violated. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). And "an appellate court must always address challenges to the sufficiency of the evidence." *McFarland v. State*, 930 S.W.2d 99, 100 (Tex. Crim. App. 1996). So the Court of Appeals should have addressed Appellant's second issue for review because it was a claim that his due process rights were violated *because* there was legally insufficient evidence to support a finding that he committed an affirmative act, and not merely a series of omissions.

**Why review should be granted in this case:**

Because the Court of Appeals' decision in this case conflicts with this Court's decisions that appellate review of a legal insufficiency claim is not forfeited by failure to raise that claim at the trial level, review should be granted. TEX.R.APP.P.

5

66.3(c) (West 2015). Accordingly, Appellant moves this Court to grant discretionary review in this case.

## PRAYER FOR RELIEF

WHEREFORE, Appellant respectfully prays that this Court grant discretionary review and, after full briefing on the merits, issue an opinion reversing the Court of Appeals' judgment and enter a judgment of acquittal.

Respectfully submitted,

/s/ Richard B. Dulany, Jr.

RICHARD B. DULANY, JR.
Texas Bar No. 06196400

Bexar County Public Defender's Office
101 W. Nueva St., Suite 310
San Antonio, TX 78205
(210) 335-0703
FAX (210) 335-0707
richard.dulany@bexar.org

ATTORNEY FOR THE APPELLANT

## CERTIFICATE OF SERVICE

I do hereby certify that on **February 20, 2015**, a copy of the Appellant's petition for discretionary review was delivered by electronic service to the office of the State's attorney on direct appeal:   Nathan E. Morey, Assistant Criminal District Attorney, Bexar County District Attorney's Office, 101 West Nueva, Suite 710, San Antonio, Texas 78205.

I do further certify that on **February 20, 2015**, a copy of the Appellant's petition for discretionary review was delivered by electronic service to the Office of the State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711-3046.

/s/ Richard B. Dulany, Jr.

RICHARD B. DULANY, JR.

## CERTIFICATE OF COMPLIANCE

The number of words in this document, from the beginning of the Ground for Review to—but excluding—the signature block, is: 720. The total number of words is 1,818.

/s/ Richard B. Dulany, Jr.

RICHARD B. DULANY, JR.



# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00744-CR

Arturo **NORIEGA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR4087
Honorable Dick Alcala, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 23, 2014

AFFIRMED

Appellant pled guilty to felony murder, and a jury assessed punishment at life in prison.

On appeal, appellant asserts (1) the trial court erred by not suppressing evidence obtained from a

warrantless blood draw, and (2) his conviction violates due process because he pled guilty to

conduct that did not constitute an offense.  We affirm.

### MOTION TO SUPRESS

At approximately 5:24 p.m. on Sunday, September 4, 2011, appellant ran a red light and

crashed into a car driven by the complainant, Richard Casas.  Both appellant and Casas were

transported to nearby hospitals. Casas later died as a result of his injuries. While at the hospital, appellant had his blood drawn twice: the first time by emergency room personnel in the ordinary course of evaluating and treating him, and later at the direction of law enforcement pursuant to the terms of Texas Transportation Code section 724.012(b). In his motion to suppress and on appeal, appellant argued the section 724.012 warrantless blood draw was unreasonable because no exigent circumstances existed as an exception to the Fourth Amendment's warrant requirement and section 724.012 does not provide an exception to the warrant requirement. Therefore, appellant concludes, the statutory blood draw violated his rights under the Fourth Amendment. The State counters that exigent circumstances existed for a warrantless blood draw and, in any event, Transportation Code section 724.012(b) dispenses with search warrants.

After this appeal was filed and the parties had briefed the issues, the Texas Court of Criminal Appeals issued its opinion in *State v. Villarreal*, No. 0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014). The *Villarreal* Court held that "a nonconsensual search of a DWI suspect's blood conducted pursuant to the mandatory-blood-draw and implied-consent provisions in the Transportation Code, when undertaken in the absence of a warrant or any applicable exception to the warrant requirement, violates the Fourth Amendment." *Id.* *21. Therefore, under *Villarreal*, we reject the State's argument that section 724.012(b) dispenses with search warrants. As to the State's argument that exigent circumstances existed for a warrantless blood draw, we do not address the merits of this argument because we conclude that, even if the trial court erred in denying appellant's motion to suppress the results of the statutory blood draw based on the existence of exigent circumstances, appellant was not harmed.[1]

---

[1] We are aware that a panel of this Court did not believe a traditional harm analysis was mandated when a plea of guilty follows the denial of a motion to suppress. *See McNeil v. State*, 443 S.W.3d 295, 303 (Tex. App.—San Antonio 2014, pet. filed). We distinguish the circumstances of that case because, in *McNeil*, there is no indication appellant's punishment was assessed by a jury, as in this case. Nor is there any indication that the *McNeil* appellant argued, as

We review the harm resulting from a trial court's erroneous denial of a motion to suppress and subsequent admission of evidence obtained in violation of the Fourth Amendment under the harmless error standard found in Texas Rule of Appellate Procedure 44.2(a). *See* TEX. R. APP. P. 44.2(a) (setting forth standard for reversible constitutional error). We must reverse unless we can conclude beyond a reasonable doubt that the error did not contribute to appellant's punishment. *Id.* We consider (1) the nature of the error, (2) the extent it was emphasized by the State, (3) the probable implications of the error, and (4) the weight the jury likely would have assigned to it in the course of deliberations. *Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011). These factors are not exclusive; other considerations may logically inform our harm analysis. *Id.* The *Snowden* Court emphasized, "At bottom, an analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether 'beyond a reasonable doubt [that particular] error did not contribute to the conviction or punishment.'" *Id.* (quoting TEX. R. APP. P. 44.2(a)).

Appellant asserts the erroneous admission of the statutory blood draw results contributed to his punishment because it "quantified how very drunk [he] was and cast suspicion on his testimony regarding the actual number of beers that he admitted to drinking." As a result, appellant concludes, the jury returned the maximum punishment of life in prison. We disagree. We will assume, without deciding, that the nature of the error was the improper admission of the results of the statutory blood draw. However, during closing arguments, the State did not mention appellant's blood alcohol level. Instead, the State reminded the jury that appellant had three prior convictions for driving while intoxicated. Defense counsel conceded appellant was an alcoholic.

---

here, that the improperly admitted evidence contributed to his punishment. Therefore, in this case, we believe a harm analysis is appropriate.

We do not believe the jury would have assigned much weight to the statutory blood draw evidence in view of the other evidence of the extent of defendant's intoxication while he was driving. We first note that evidence that logically raises an inference that a defendant was intoxicated at the time he drove, "includes, inter alia, erratic driving, post-driving behavior such as stumbling, swaying, slurring or mumbling words, inability to perform field sobriety tests or follow directions, bloodshot eyes, any admissions by the defendant concerning what, when, and how much he had been drinking—in short, any and all of the usual indicia of intoxication." *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010); *see Cotton v. State*, 686 S.W.2d 140, 142-43 n.3 (Tex. Crim. App. 1985) (noting that characteristics of intoxication may include slurred speech, bloodshot or glassy eyes, unsteady balance, staggered gait, and odor of alcohol on the person or the person's breath). An officer's testimony that a person is intoxicated may also provide sufficient evidence to establish the intoxication element for the offense of DWI. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979). A driver's failure to brake also provides some evidence the accident was caused by intoxication. *Kuciemba v. State*, 310 S.W.3d 460, 463 (Tex. Crim. App. 2010). This same circumstantial evidence may also support a finding on the extent of a defendant's intoxication. *See Jones v. State*, 795 S.w.2d 171, 175 (Tex. Crim. App. 1990) ("A jury may use the quality of the suspect's speech [on the audio portion of sobriety test video] as evidence of her degree of intoxication.").

In this case, on the morning of the accident, appellant was in a bunkhouse shared with other men on his oil field crew. Appellant admitted he started drinking Natural Light "tall boys" (either the sixteen- or twenty-four-ounce size) at about 9:00 a.m. After he finished his first beer, he drank a second beer, and then a third. Appellant said that at about 11:45 a.m., he left the bunkhouse to buy a twelve-pack of Bud Light beer for himself. Appellant could not remember if he put the beer into the refrigerator, but he did remember drinking at least one can, after which he used cocaine.

Appellant could not remember what time he left the bunkhouse to drive back to San Antonio, but he thought it was in the afternoon. Appellant said the beer was in the back of his truck, and the only beer can in the cab of the truck was the one empty Bud Light can he had taken with him from the bunkhouse. Appellant did not remember drinking any more than four beers. Appellant admitted he was intoxicated, but not to what extent.

Dr. John Eastridge, the emergency room physician who treated appellant when he was brought to the hospital, testified about the blood draw that was taken from appellant as part of an initial physical evaluation. Eastridge said appellant tested positive for both alcohol and cocaine. Although Eastridge could not quantify the cocaine results, he said appellant's blood results showed an alcohol concentration at three times the legal limit. The accident happened at 5:24 p.m., and this blood draw was taken at 6:53 p.m., approximately ninety minutes after the accident.

The jury heard five different witnesses who testified they smelled alcohol on appellant's breath immediately after the accident. Four of these witnesses also stated they saw anywhere from two to five empty beer cans inside appellant's vehicle. One of the paramedics who treated appellant at the scene said appellant admitted to drinking three beers before the accident. Several witnesses stated appellant's speech was slurred, and he was uncooperative and belligerent with the first responders. Other drivers at the scene said appellant was driving at a high rate of speed and two drivers who were behind appellant said he never braked before running the red light.

One of the paramedics, Saul Obregon, testified appellant knew he had been in an accident, but did not know what happened. Obregon said that during the ride to the hospital in the ambulance, appellant was uncooperative, attempted to remove the cardiac monitor electrodes, did not want the blood pressure cuff on his arm, and attempted to pull out the IV. Obregon did not believe appellant's behavior was consistent with having drunk only the three beers appellant admitted to drinking. Clint Fallen, a San Antonio police officer dispatched to the scene of the

accident, said he first approached appellant while EMS was attending to him. Fallen said appellant was "very belligerent," did not want anyone to touch him, was flailing his arms about, and was cussing. When Fallen asked appellant what happened, appellant said "that f**king idiot pulled in front of him." When Fallen asked appellant if he was aware of the other driver's condition and when told how badly the other driver was injured, appellant said "I don't f**king care."

We conclude the jury could infer the degree of appellant's intoxication from this circumstantial evidence and thereby assess the appropriate level of punishment. Therefore, on this record, we can conclude beyond a reasonable doubt that the alleged error did not contribute to appellant's punishment.

### DUE PROCESS

Appellant asserts his due process rights were violated because he pled guilty to conduct that did not constitute a crime. Appellant pled guilty to the following indictment:

> [Appellant] did then and there commit a felony, to-wit: driving while intoxicated, and after having been previously convicted two times of the offense of driving while intoxicated and in the course of and in furtherance of the commission of said felony he committed an act clearly dangerous to human life, to-wit: driving through and disregarding a red light/traffic signal, failing to brake, failing to keep a proper lookout, and failing to take adequate evasive action prior to striking a motor vehicle occupied by Richard Casas, thereby causing the death of Richard Casas.

Felony murder is committed when a person "commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit *an act* clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(3) (West 2011) (emphasis added). An "act" "means a bodily movement, whether voluntary or involuntary, and includes speech." *Id.* § 1.07(a)(1) (West Supp. 2014). An "omission" "means failure to act." *Id.* § 1.07(34). Appellant contends the indictment alleged a series of "omissions"; therefore, he pled guilty to omissions and not affirmative acts as required

- 6 -

under the Penal Code. Therefore, appellant concludes, his plea cannot provide the basis for a guilty verdict.

Texas Rule of Appellate Procedure 33.1(a) provides in part that, as a prerequisite to presenting a complaint for appellate review, a timely request, objection, or motion must be made and ruled upon by the trial court. TEX. R. APP. P. 33.1(a). A defendant "may not, for the first time on appeal, urge error not raised at trial." *Nelson v. State*, 607 S.W.2d 554, 555 (Tex. Crim. App. 1980). This requirement applies even when the issue on appeal alleges a deprivation of due process. *Cole v. State*, 931 S.W.2d 578, 580 (Tex. App.—Dallas 1995, pet. ref'd) (stating "the defendant waives any due process complaint when he does not object to the punishment or to the failure to consider the evidence");

Appellant did not raise this argument in a motion to quash the indictment, an objection to the indictment at any time during the trial, or otherwise with the trial court. He, therefore, failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1(a); TEX. CODE CRIM. PROC. art. 1.14(b) (West 2005) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."); *Teal v. State*, 230 S.W.3d 172, 176–77, 182 (Tex. Crim. App. 2007) (discussing article 1.14(b) and holding that defendant waived right to object to indictment defects).

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do not publish